UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAGNETTE WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:05CV723-SNL |
| | ) |
| CHESTER MOYER, and | ) |
| MICHAEL JAROMIN, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Plaintiff is a citizen and native of Liberia. In this case, plaintiff requests the Court in a petition for Writ of Mandamus to order defendants to adjudicate her adjustment of status application.

Defendants have filed a motion to dismiss or alternatively for summary judgment, stating that Immigration Services has adjudicated plaintiff's adjustment of status application and accordingly, the action is moot and should be dismissed, or summary judgment should be entered for the defendants. Plaintiff has not responded to the motion to dismiss.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop Inc., 838 F.2d 268, 272 (8th Cir. 1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges the burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Citrate, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the non-moving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976).

The Court has reviewed the legal memorandum, affidavits and exhibits submitted by the defendants in support of their motion for summary judgment. The defendants have met their initial burden to demonstrate that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting System, 368 U.S. 464, 467 (1962). Once the defendants have met their burden, the burden shifts to the plaintiff to set forth affirmative evidence, specific facts, showing that there was a genuine dispute

on those issues. City of Mt. Pleasant v. Associated Electric Coop, 838 F.2d 268, 274 (8th Cir. 1988). Since the plaintiff has failed to oppose the defendants' motion, the Court accepts the defendants' account of the facts and now will apply the relevant law.

The facts reveal that plaintiff's claim is now moot as Immigration Services has adjudicated plaintiff's adjustment of status application. Accordingly, summary judgment should be entered in favor of the defendants.

**IT IS THEREFORE ORDERED** that defendants' motion for summary judgment is **GRANTED** and this case is **DISMISSED** with prejudice.

Dated this __24th__ day of August, 2006.

*[signature: Stephen N. Limbaugh]*
SENIOR UNITED STATES DISTRICT JUDGE